### THE ATTORNEY-GENERAL ex rel. GLOUCESTER CITY *vs.* BROWN and another.

1. The jurisdiction of courts of equity to redress the grievance of public nuisances, by injunction, is undoubted, and clearly established. But it is well settled that, as a general rule, equity will not interfere where the object sought can be as well attained in the ordinary tribunals.

2. Because the remedy by indictment is so efficacious, courts of equity entertain jurisdiction in such cases with great reluctance, whether their intervention is invoked at the instance of the Attorney-General, or of a private individual who suffers some injury therefrom, distinct from that of the public, and they will only do so where there appears to be a necessity for their interference.

3. The obstruction of a highway, which not only is not used, but cannot be used, is not the sort of grievance which, under its jurisdiction over public nuisances, this court will undertake to redress by injunction.

4. This court will not interfere, by injunction, in the matter of an obstruction to a highway, where the highway has, for a long period of time, been disused, and where the inconvenience to the public, occasioned by the obstruction, is so inconsiderable,—being at most the necessity of making a slight detour.

5. Where, upon an information to restrain the erection of a building in a public highway, it appears that the public authorities have failed to take any action for seventeen days, and that no irreparable or even serious injury appears to have been done, or to be about to be done, which should induce the action of this court in the matter, but the case presents merely the features of an unwarranted occupation of part of a public highway, disused but not abandoned, to its complete obstruction—an invasion of the public right, unattended, however, with any considerable public inconvenience—the jurisdiction of this court will not be exercised.

---

Motion to dissolve injunction on information and answer.

*Mr. P. L. Voorhees,* for the motion.

*Mr. Alfred Hugg,* contra.

THE CHANCELLOR.

This is an information, filed by the Attorney-General, at the relation of the corporation of Gloucester City.

It appears, from its statements, that in 1835, a public road leading from the Woodbury road or Broadway, to the road known as the "old Collings road," was laid out in Camden county under the road act. This highway is known as the "Champion road," and so much of it as is between Newtown creek and Broadway is now within the corporate limits of Gloucester City. The road was opened in 1837, and ever since then it has been a public highway, as it still is.

The information states that Brown (Leaming being the person employed by him for the purpose,) is building on a part of this road, in Gloucester City, two or more brick dwelling-houses, immediately on and across the road, and that this is a complete obstruction to the use of the road by the public, and therefore a public nuisance. It prays an injunction to restrain them from proceeding with the erection of the buildings. On the filing of the information an injunction was ordered, and issued.

The defendants have answered. They admit the laying out and opening the road, and that part of it is within the corporate limits of Gloucester City, as stated in the information, and state that the road was used as a public highway up to about June 1st, 1870, when the bridge in the road over Newtown creek, was washed away and destroyed; that the board of chosen freeholders of the county, have hitherto neglected and refused, as they still do, to rebuild or repair the bridge, and that since the bridge was destroyed, the road has ceased to be used as a public highway, or to be worked or repaired as such, and has fallen into disuse, and been abandoned and not used.

It is admitted by the answer that Brown intends to build the houses as alleged in the information, and it states that he had, when the information was filed, progressed so far with the erection of the houses complained of, that the cellars were dug and the foundations laid, and the walls of the houses laid and raised to the height of one story and more. It is denied by the answer that the erection of the houses must or will, necessarily and unavoidably, obstruct and render

impassable the Champion road, for the citizens of the state, or of Gloucester City, or persons residing near the road, or will be to their injury; or that the erection of the houses will be an irreparable injury and public nuisance, or a wrong or injury to any body, or will be a nuisance at all. The answer further states that the road, from a short distance after it leaves Woodbury road, or Broadway, runs, and is laid, over, upon and through the lands of Brown, in Gloucester City, until it reaches or crosses Newtown creek, and that Brown owns and is possessed of the lands upon and on both sides of the road, and that the road is opened in, and upon, and through the lands of Brown, around and by the houses; and that the road and the rights of the citizens of this state, and of Gloucester City, to travel and pass along the road, are not in any way obstructed by the erection of the houses. The answer alleges that the Attorney-General and the relators, from the time when Brown agreed with Leaming for the building of the houses by the latter, had full, actual, and ample knowledge and notice of the agreement, and the intention of the defendants to build the houses, and did not in any way interfere with or oppose them during all the time the defendants were purchasing and carting the materials for them, digging the cellars and laying the foundation, and laying and raising the wall to a height above the first story, or object to the defendants doing any of those things; and the defendants claim that the Attorney-General and the relators are estopped from claiming or having the assistance of this court to prevent the completion of the houses. The answer also insists, that the relators have no right to appear in this suit, in that capacity, and that by their charter, they have full power to remove nuisances and obstructions to or on the streets of Gloucester City, and that there exists a complete remedy at law in the premises.

The jurisdiction of courts of equity to redress the grievance of public nuisances by injunction, is undoubted and clearly established; but it is well settled that, as a general rule, equity will not interfere, where the object sought can be

as well attained in the ordinary tribunals. *Att'y-Gen.* v. *N. J. R. R. Co.*, 2 *Green's Ch.* 136 ; *Jersey City* v. *City of Hudson*, 2 *Beas.* 426 ; *Att'y-Gen.* v. *Heishon*, 3 *C. E. Green* 410 ; *Morris & Essex R. R. Co.* v. *Prudden*, 5 *C. E. Green* 532; *High on Injunctions*, § 521. And because the remedy by indictment is so efficacious, courts of equity entertain jurisdiction in such cases with great reluctance, whether their intervention is invoked at the instance of the Attorney-General, or of a private individual who suffers some injury therefrom distinct from that of the public, and they will only do so where there appears to be a necessity for their interference. *Rowe* v. *The Granite Bridge Corporation*, 21 *Pick.* 347 ; *M. & E. R. R. Co.* v. *Prudden, supra.* The jurisdiction of the Court of Chancery with regard to public nuisances, is founded on the irreparable damage to individuals, or the great public injury which is likely to ensue. 3 *Daniell's Ch. Pr.* 1740.

It appears in the case now before the court, that the road or street in which the buildings are being erected, is within the corporate limits of Gloucester City ; that it has been disused for a considerable length of time, ever since its continuity was destroyed by the destruction of the bridge over the creek, which was more than three years ago ; and that the public are enabled to use it, if they see fit, by availing themselves of the road over Brown's land, on three sides of the block, on the fourth side of which, on the Champion road, the buildings are being erected ; that is, the continuity is maintained by going around the block or square of lots.

Under these circumstances, there is surely no injury to the public by the obstruction complained of, which this court should be called upon, by the use of its extraordinary power, to redress. The road, from the place of the obstruction, is incapable of being used to go beyond the creek, and its use has been abandoned accordingly. The public authorities have not only not rebuilt the bridge for these three years, but the road has not been worked for that period. All the land, on both sides of the road, between the place of obstruction and the creek, is owned and occupied by the defendant, Brown.

The suit is brought, on the ground of the injury to the public at large. The circumstances are not such as to induce the court to interfere. The obstruction of a highway, which not only is not used, but cannot be used, is not the sort of grievance which, under its jurisdiction over public nuisances, this court will undertake to redress by injunction. *Gilbert* v. *Morris Canal,* 4 *Halst. Ch.* 505 ; *High on Injunctions,* § 526 ; *Morris & Essex R. R. Co.* v. *Prudden, supra.* And the interference of the court will be refused in such a case as the present, where the highway has for a long period of time been disused, and where the inconvenience to the public in the use of it, occasioned by the obstruction, is so inconsiderable, being at most merely the necessity of making a slight detour.

Indeed, it does not appear from the information, except inferentially, that the public will be in anywise incommoded by the obstruction. Although it speaks of the road as a public highway, and of the right of the people to use it as such, the information does not state that it ever has been so used. And although it states that, by the erection of the houses, the road must necessarily and unavoidably be entirely obstructed and rendered impassable for the citizens and inhabitants of this state, and particularly for the relators, and all other persons residing near the road, who will be deprived of so much of it as shall be used for the erection of the houses, and that the erection of the houses will be to the wrong and injury of all the citizens and inhabitants of this state, and particularly of the relators, the corporation of Gloucester City, and will be an irreparable injury and public nuisance, it nowhere directly alleges that the public travel will be prevented or seriously incommoded thereby, or incommoded at all ; nor does it show, or make any attempt to show, wherein the irreparable character of the injury to public right consists.

That the case is not one of great necessity, is evidenced by the fact that the Attorney-General and the relators have stood by and seen the preparations made for those buildings, the

materials put upon the ground, the excavation for the cellars, the building of the foundation walls, and the laying and raising of the walls of the houses to a height above the first story, before making any application to this court for its injunction against what is now proceeded against as a public nuisance. They appear to have permitted the work to go on for seventeen days, before they applied to this court for its aid, or invoked its action. Why such delay, if the public were inconvenienced by the obstruction ?

The remedy at law is adequate, under the circumstances of this case. No pressing necessity for the action of the court appears to exist; no irreparable or even serious injury appears to have been done, or to be about to be done, which should induce this court to act in the matter ; but the case presents merely the features of an unwarranted occupation of part or a public highway, now disused, (but not, so far as appears, abandoned,) to its complete obstruction ; an invasion of the public right, unattended, however, with any great or considerable public inconvenience. As such, it is not a case calling for the exercise of the jurisdiction of this court.

The opinion expressed on this point, renders it unnecessary to pass upon the other questions discussed in the argument.

The injunction will be dissolved, but without costs.